**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| |
|---|
| GRP-MADISON, LLC; GRP-FRANKLIN, LLC; AND GEORGIA RENEWABLE POWER, LLC, |
| Petitioners, |
| v. |
| MASTEC POWER CORPORATION AND MASTEC, INC., |
| Defendants. |

## PETITION TO COMPEL ARBITRATION AND FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTION IN AID OF ARBITRATION

Petitioners GRP-Madison, LLC; GRP-Franklin, LLC; and Georgia Renewable Power, LLC (collectively, "GRP" or "Petitioners"), by and through their undersigned counsel, bring this Petition pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. and Rule 65 of the Federal Rules of Civil Procedure: (1) to compel arbitration of the November 6, 2020 Demand for Arbitration (the "GRP Demand, annexed to the Torcicollo Declaration as Exhibit 1) submitted by GRP on Respondents MasTec Power Corporation and MasTec, Inc. ("MasTec" or "Respondents," and together with GRP, the "Parties") in the forum selected by the GRP Demand; and (2) to enjoin a collateral demand for arbitration submitted by MasTec to the American Arbitration Association ("AAA") on January 11, 2021 (the "MasTec Demand" annexed to the Torcicollo Declaration as Exhibit 2), or, in the alternative, to consolidate the proceedings in the forum selected in the GRP Demand pursuant to the Georgia Arbitration Code, O.C.G.A. 9-9-6. GRP further seeks emergency relief through a temporary restraining order and preliminary injunction to preserve the status quo for consideration of the Petition. In support of

its Petition, GRP respectfully submits the annexed Proposed Order to Show Cause (Exhibit A to the Petition), Memorandum of Law (Exhibit B to the Petition), Declaration of Peter J. Torcicollo (Exhibit C to the Petition), and Declaration of Carey Davis (Exhibit D to the Petition). For its Petition, GRP alleges as follows:

## INTRODUCTION

1.      This is an action to compel MasTec to arbitrate disputes between the Parties in the manner and forum selected by GRP, when it submitted the disputes to binding arbitration pursuant to the applicable contracts between the Parties on November 6, 2020.

2.      MasTec initially acknowledged that the GRP Demand controlled and initiated arbitration between the Parties, including by insisting on a certain schedule for the arbitration process based upon the GRP Demand.

3.      On January 11, 2020, more than two (2) months after the GRP Demand, MasTec filed the MasTec Demand with the American Arbitration Association (AAA). The MasTec Demand essentially seeks declaratory relief that is more properly characterized as defenses to the claims set forth in the GRP Demand.

4.      The MasTec Demand, which involves virtually the same parties,[1] issues, and disputes as the GRP Demand, is an improper attempt by MasTec to manipulate the course and forum of the arbitration proceeding between the Parties. By way of example, the MasTec Demand would require GRP to arbitrate its disputes in the AAA (and incur the increased costs imposed by the AAA) even though the applicable contracts do not require this forum and GRP's

---

[1] The MasTec Demand does not include MasTec, Inc., the parent company of MasTec Power Company, as a claimant or Georgia Renewable Power, LLC, the parent company of GRP-Madison, LLC and GRP-Franklin, LLC, as a respondent. These parties are included in the GRP Demand. For the sake of clarity in referring to the parties, the Petition uses "GRP" and "MasTec" to refer to the respective sides for both arbitration demands.

first-filed arbitration demand expressly did not submit arbitration to the AAA. Similarly, the MasTec Demand would require GRP to be the respondent in the arbitration despite being the party to initiate dispute proceedings pursuant to the applicable contracts.

5.     The MasTec Demand is an improper collateral attack to circumvent the GRP Demand rather than respond to the GRP Demand pursuant to the arbitration procedure initiated by GRP. Allowing MasTec's Demand to proceed threatens to disrupt arbitration of the first-filed GRP Demand and risks inconsistent rulings in parallel proceedings.   In addition, MasTec's Demand violates widely acknowledged principles regarding the primacy of first-filed actions. *See, e.g., Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

6.     MasTec's filing of the MasTec Demand breaches the contracts setting forth the dispute resolution procedure between the Parties.

7.     GRP seeks an order pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., to compel MasTec to arbitrate according to the proceeding initiated by the GRP Demand.

8.     GRP further seeks an order pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining MasTec from pursuing its separate proceeding with the AAA on the MasTec Demand. A separate proceeding on the MasTec Demand would interfere with the proper arbitration of the GRP Demand, violate public policy around first-filed principles, and risk complications from inconsistent rulings claiming to bind the parties. As an alternative, if the Court does not permanently enjoin the MasTec Demand, GRP seeks an Order pursuant to the Georgia Arbitration Code, O.C.G.A. 9-9-6, which permits the Court to consolidate the two arbitrations into a single proceeding. If consolidated, the respective demands should proceed

according to the forum selection in the first-field GRP Demand, which specifically elects not to submit the dispute to the AAA as permitted by the contracts between the parties.

9.     GRP's Petition merits emergency relief based on the imminent irreparable harm to GRP if an AAA proceeding on the MasTec Demand is permitted to go forward.  An answering statement and counterclaims are due to be filed with the AAA on February 2, 2021, and the Parties would be required to appoint arbitrators in the AAA proceeding by February 10.  Either of these steps would irreparably harm and adversely impact GRP and the proper course of arbitration on the GRP Demand.

## PARTIES

10.     Petitioner GRP-Madison, LLC is a limited liability company formed under the laws of Delaware.  Member GRP Borrower, LLC is the sole member and 100% owner of GRP-Madison, LLC.  GRP HoldCo, LLC is the sole member and 100% owner of GRP Borrower, LLC.  GRP Operating, LLC is the sole member and 100% owner of GRP HoldCo, LLC.  Georgia Renewable Power, LLC is the sole member and 100% owner of GRP Operating, LLC.  GRP-Madison, LLC is the Owner of a biomass power plant in Madison County, Georgia.

11.     Petitioner GRP-Franklin, LLC is a limited liability company formed under the laws of Delaware.  Member GRP Borrower, LLC is the sole member and 100% owner of GRP-Franklin, LLC.  GRP HoldCo, LLC is the sole member and 100% owner of GRP Borrower, LLC.  GRP Operating, LLC is the sole member and 100% owner of GRP HoldCo, LLC.  Georgia Renewable Power, LLC is the sole member and 100% owner of GRP Operating, LLC.  GRP-Franklin, LLC is the Owner of a biomass power plant in Franklin County, Georgia.

12.     Petitioner Georgia Renewable Power, LLC is a limited liability company formed under the laws of Delaware.  Georgia Renewable Power, LLC is 100% owned by Greenfuels

Energy, LLC, a limited liability formed under the laws of Delaware.  Greenfuels, Energy, LLC is 100% owned by Raymon Bean, an individual who is a resident of Jefferson County, Alabama.

13.    Upon information and belief, Respondent MasTec Power Corporation is a corporation that is incorporated in Florida and has its principal place of business in Coral Gables, Florida.  MasTec Power Corporation is the "EPC Contractor" for the biomass power plants owned by GRP-Madison, LLC and GRP-Franklin, LLC, meaning that it contracted to oversee the design, construction, and commissioning of the plants pursuant to the EPCs.

14.    Upon information and belief, Respondent MasTec, Inc. is a corporation that is incorporated in Florida and has its principal place of business in Coral Gables, Florida.  MasTec, Inc. is the parent company of MasTec Power Corporation.  The applicable contracts between the Parties incorporated, as an exhibit, a Parent Guarantee by which MasTec, Inc. contracted to guarantee all obligations of MasTec Power Corporation under the contracts.  The GRP Demand alleges that MasTec Inc. is fully liable for all damages asserted in the GRP Demand.  *See* Exhibit 1 to Torcicollo Declaration (GRP Demand) and Exhibit 3 to Davis Declaration (Parent Guarantee).

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  Petitioners and Respondents are citizens of Alabama and Florida, respectively.  The GRP Demand seeks damages of at least $250,000,000.00.

16.    Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b)(2) as the binding arbitration agreement that Petitioners seek to compel dictates that the arbitration

proceeding be held in Madison County, Georgia, and the claims at issue in the GRP Demand concern agreements for engineering, construction, and procurement on projects in Madison County, Georgia and Franklin County, Georgia.

## FACTUAL ALLEGATIONS

The Arbitration Agreement

17.     The Parties have agreed to an arbitration provision contained in Article 25 (the "Dispute Resolution Procedure") of two Engineering, Procurement and Construction Agreements between GRP-Madison, LLC and MasTec Power Corporation and GRP-Franklin, LLC and MasTec Power Corporation, both dated July 28, 2017 (each an "EPC" and together, the "EPCs"). The EPCs concern the design and construction of two biomass power facilities in Madison and Franklin Counties in Georgia.  Article 25 is identical between the respective EPCs and is annexed as Exhibit 1 to the Davis Declaration.

18.     Article 25.1 requires that "Any claim or dispute between the Owner and Contractor that arises under or in any way relates to this Agreement or the Project, including without limitation requests, demands, submissions, disputes or claims for money, additional time or other relief, is referred to herein as a 'Dispute' and collectively as the 'Disputes.'"  Davis Decl. Ex. 1.

19.     The arbitration provision in the Dispute Resolution Procedure is also incorporated into an additional contract titled the "Madison and Franklin Settlement and Resolution Agreement" entered between GRP-Madison, LLC, GRP-Franklin, LLC, and Georgia Renewable Power, LLC and MasTec Power Corporation, dated June 29, 2020 (the "Settlement Agreement"). Article 16 of the Settlement Agreement states that "Any and all disputes between the Parties arising out of or related to this Agreement or the breach thereof shall be resolved by binding

arbitration using the expedited arbitration procedures set forth in the EPC Contracts.  Judgment on any award issued in accordance with this paragraph may be entered in any court of competent jurisdiction."  The Settlement Agreement is annexed as Exhibit 2 to the Davis Declaration.

20.    Articles 25.3.1(a)(iii)-(iv) of the Dispute Resolution Procedure permit an *ad hoc* arbitration proceeding that may be submitted upon written notice to the other party and is not required to be submitted to an institutional administrative organization.  Article 25.3.1(a)(iv) states in part that, if a dispute is submitted to arbitration, "[t]he arbitration proceeding shall otherwise be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, except that the arbitration need not be submitted to the American Arbitration Association."  Davis Decl. Ex. 1 at 25.3.1(a)(iii)-(iv).

GRP's November 6, 2020 Demand for Arbitration

21.    GRP delivered notice of the GRP Demand on November 6, 2020 by Overnight Delivery and email, as specified in the Dispute Resolution Procedure. Among other things, GRP asserts in the GRP Demand that:

- MasTec has not completed the Work that it contracted to complete under the EPCs or satisfied its other obligations under the EPCs and Settlement Agreement.

- MasTec has not made reasonable efforts to remedy the warranty items listed in the Settlement Agreement or properly performed the boiler and boiler feedwater pump modifications described in the Settlement Agreement.

- MasTec improperly compromised the third-party engineer who performed the boiler modification test at the Madison County plant.

*See* Torcicollo Decl. Ex. 1 at Pages 4-6.

22.    GRP further asserts in the GRP Demand that MPC induced GRP to enter into the Settlement Agreement by concealing certain defects in the work and representing that the work

had been substantially completed under the EPCs, that MPC's design, construction, and other work relating to the EPC projects was grossly negligent.  Torcicollo Decl. Ex. 1. at Pages 4-6.

23.     In designating the forum for the arbitration, GRP was not required to submit the GRP Demand to the AAA as the EPC's Dispute Resolution Procedure permits Parties to submit disputes to a panel that will conduct the arbitration independently from an administrative organization, and not to submit the GRP Demand to the AAA.  Davis Decl. Ex. 1 at 25.3.1(a)(iv).

24.     The GRP Demand expressly states:

"You are hereby notified that [GRP] submit[s] the Disputes described below to arbitration.  The arbitration will be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association.  GRP has elected not to submit this arbitration to the American Arbitration Association."

Torcicollo Decl. Ex. 1 at Page 4.

25.     The Dispute Resolution Procedure contains a series of steps required in the event of a dispute arising under the EPCs.  This multi-step process includes:

- A meeting among individuals with decision-making authority to attempt to resolve the dispute (Article 25.3.1(a)(ii));
- If the Parties are not successful in resolving the dispute at the meeting, then either Party may "submit the dispute to binding arbitration by providing the other Party with written notice of same" (Article 25.3.1(a)(iii)); and
- A process for selecting an arbitrator panel in which each Party appoints an arbitrator and those arbitrators then select a third arbitrator (Article 25.3.1(a)(iv)).

*See* Davis Decl. Ex. 1 at 25.3.1.

26.     Pursuant to Article 25.3.2, each step in the EPCs' Dispute Resolution Procedure is a condition precedent to taking the next step, such that a Party may not proceed to a subsequent step in the process unless the prior step "has been completed."  Although the Article 25.3.1(a)(ii) meeting is a condition precedent to submitting a dispute to arbitration, Article 25.3.2 allows that

a party may initiate arbitration under the Dispute Resolution Procedure and then stay the arbitration to satisfy a limitations period.  Davis Decl. Ex. 1 at 25.3.2.

27.    The GRP Demand was submitted shortly before the end of an initial warranty period in the Parties' agreements.  Contractual limitations on claims based on the initial warranty period are among issues disputed between the Parties.  Upon delivering notice of the GRP Demand to MasTec, GRP confirmed that it was initiating and staying the GRP Demand pursuant to Article 25.3.2 "to avoid any dispute over a limitation on the timing of the claims."  GRP requested that a meeting be held pursuant to Article 26.3.1(ii) prior to the arbitration going forward.  Torcicollo Decl. Ex. 1 at Page 2.

28.    GRP and MasTec agreed to conduct a videoconference on December 10, 2020 pursuant to GRP's 26.3.1(ii) request.  GRP circulated a proposed agenda to MasTec, detailing discussion points related to the GRP Demand, prior to the videoconference.  MasTec did not propose edits to the agenda or circulate a separate agenda.  *See* Torcicollo Decl. Ex. 3.

29.    During the December 10th meeting, the Parties discussed the problems that continued to affect the Madison and Franklin power plants MasTec had designed and constructed.  Although the Parties did not successfully negotiate a resolution of the dispute, additional discussions among technical personnel were contemplated.  Based on the meeting, it was apparent to GRP that the Parties had not finished using their best efforts to negotiate a resolution of the issues in dispute.  *See* Torcicollo Decl. Ex. 4.

MasTec Declares the Commencement and Scheduling of Arbitration Pursuant to the GRP Demand

30.    Following the December 10, 2020 videoconference, GRP and MasTec exchanged correspondence regarding the status of the dispute and the schedule for arbitration of remaining disagreements the parties.

31.     In a December 11, 2020 letter, GRP summarized the meeting and noted that "many of the [disputed] items were left open pending new results from MasTec, and the discussions raised this week remain ongoing."  Accordingly, GRP advised that "Step One of the Dispute Resolution Process (i.e. the "meeting") had not been 'completed" within the meaning of Article 25.3.2" and confirmed that "GRP's November 5, 2020 Demand for Arbitration remains stayed pursuant to Article 25.3.2."  GRP also proposed a follow-up meeting to take place by January 27, 2021 to determine what issues actually remained in dispute and would need to be addressed through the arbitration previously initiated by GRP.  *See* Torcicollo Decl. Ex. 4.

32.     MasTec responded in a letter sent December 21, 2020 (annexed as Exhibit 6 to the [] Declaration).  In the December 21, 2020 letter, MasTec acknowledged that GRP had "demand[ed] Arbitration prior to the Article 25.3.1(a)(ii) meeting."  Torcicollo Decl. Ex. 5.

33.     In the December 21, 2020 correspondence, MasTec further asserted that it considered the condition precedent of the Article 26.3.1(a)(ii) meeting complete, and that "…the time for the Parties to negotiate the Dispute expires on January 9, 2021."  Torcicollo Decl. Ex. 5.

34.     MasTec's December 21, 2020 correspondence further asserted MasTec's position on the commencement and scheduling of arbitration pursuant to the GRP Demand, based upon MasTec's position that the Article 26.3.1(a)(ii) meeting had concluded and the schedule for arbitration outlined in the Dispute Resolution Procedure following meeting:

> "Briefly now, for notification and calendaring purposes, because GRP has already filed its Demand for Arbitration, the 30 day period for the Parties to name their selected arbitrator shall commence on January 10, 2021 making February 9, 2021 the deadline for both Parties to appoint its arbitrator.  See Article 25.3.1(a)(iv)." [Footnote omitted].

> Torcicollo Decl. Ex. 5.

35.     GRP relied on the statements in MasTec's December 21, 2020 letter that MasTec considered the GRP Demand to have already been filed and the condition precedent of Article 23.3.1(a)(ii) satisfied.

<u>MasTec Files a Collateral Proceeding and Reverses Its Position on the GRP Demand</u>

36.     Prior to January 11, 2021, MasTec did not inform GRP of any change in its stated position that the commencement and scheduling of arbitration on the GRP Demand would occur January 10, the date on which MasTec had stated that the period for selecting arbitrators would begin based on the filing of the GRP Demand.

37.     On January 11, 2021, counsel for MasTec wrote to GRP to inform GRP that MasTec had filed a separate demand with the AAA.  *See* Torcicollo Decl. Ex. 2.

38.     The MasTec Demand and documents accompanying its submission to the AAA do not reference the submission of the GRP Demand, with the exception of a non-specific statement that "…GRP has made it clear to [MasTec] that it will not comply with the terms of the Settlement Agreement and now contends it is not bound by the Settlement Agreement," reflecting allegations in the GRP Demand regarding MasTec's breaches of the Settlement Agreement.  The allegations in the "Background of the Dispute" submitted as part of the MasTec Demand cover the same contracts, projects, subject matter, and disputes previously raised in the GRP Demand, including statements claiming that:

- MasTec "has continued to perform its obligations under the Settlement Agreement;"

- MasTec performed the "boiler modifications, the boiler feedwater pump modifications and ongoing responses to warranty claims;" and

- GRP "disputed the result of the boiler modification test for the Madison Project and has refused to allow MasTec to complete the boiler modification test at the Franklin Plant."

See Torcicollo Decl. Ex. 2. at Pages 53-55.

39.     The MasTec Demand seeks declaratory relief "to enforce the Settlement Agreement."  The MasTec Demand also states:

"MPC seeks a "determination by the arbitrators that the Settlement Agreement is valid and enforceable and that all remedies of GRP with respect to any future performance obligations of MPC under the Settlement Agreement, the EPC Contracts, or with respect to the Projects are limited to those set forth in the Settlement Agreement. MPC seeks a specific determination that all other rights and remedies of MPC and GRP, past, present, or future, with respect to the EPC Contracts or the Projects, including any parent guarantee obligations of MPC's parent company, are released and forever discharged pursuant to the terms of the Settlement Agreement."

See Torcicollo Decl. Ex. 2.

40.     The MasTec Demand does not seek any other relief or assert affirmative claims for damages against GRP.  See Torcicollo Decl. Ex. 2.

41.     Following receipt of MasTec's correspondence regarding the MasTec Demand, GRP wrote to the AAA and MasTec on January 14, 2021, objecting to the submission of the MasTec Demand to the AAA and informing the AAA that the MasTec Demand is a later-filed collateral proceeding on the same facts and disputes already submitted in the GRP Demand.  See Torcicollo Decl. Ex. 6

42.     In a complete reversal of the statements asserted in its December 21, 2020 letter, in a January 18 response to GRP and the AAA, MasTec disputed GRP's assertion that GRP had previously commenced arbitration.  See Torcicollo Decl. Ex. 7

43.     On January 19, 2021, the AAA sent a notice to GRP and MasTec confirming its administration of the MasTec Demand.  The AAA notice stated that, per the Commercial Arbitration Rules of the AAA, any answering statement would be due within 14 days of the notice [February 2, 2021].  The notice further instructed GRP and MasTec to complete a Checklist for Conflicts form by February 2, 2021, and stated that GRP could submit any counterclaims with payment of the appropriate fee.  *See* Torcicollo Decl. Ex. 8.

44.     On January 26, 2021, the AAA notified the Parties by email that the AAA "has determined that the minimum filing requirements have been met," and that the Parties' contentions would be provided to the arbitrator to "make a final determination."  *See* Torcicollo Decl. Ex. 9.

## CONSIDERATIONS SUPPORTING EMERGENCY INJUNCTIVE RELIEF

45.     A preliminary injunction is necessary to preserve GRP's statutory rights under the FAA and prevent irreparable harm to GRP and the arbitration process initiated by GRP's Demand.  Allowing the MasTec Demand to proceed further would interfere with the GRP Demand.  Arbitrators would need to be selected simultaneously from a limited pool of qualified individuals to preside over one proceeding or the other, and there is a high likelihood that competing proceedings would generate inconsistent rulings on the same facts and legal issues. An award to GRP on the GRP Demand could be rendered ineffectual by a ruling on the collateral, and first-filed, MasTec Demand.

46.     Absent the requested preliminary injunction, GRP will be irreparably harmed by the acceptance of the MasTec Demand by the AAA and the commencement of this collateral arbitration.  The AAA proceedings impose a deadline for GRP to file an answering statement, counterclaims, and conflicts information by February 2, 2021, meaning that GRP would be forced to participate in this AAA proceeding despite the fact that: (1) GRP was the first party to

submit the disputes between the Parties to arbitration; (2) GRP affirmatively, and consistent with the EPC's Dispute Resolution Procedure, elected arbitration that did not involve the AAA; and (3) the independent arbitration panel for the GRP Demand is selected in accordance with the EPC's Dispute Resolution Procedure.

47.    GRP would also be forced to expend resources to defend and counter the MasTec Demand in a duplicative proceeding (including filing fees of $65,000 to submit a counterclaim)[2].

48.    Conversely, granting the requested preliminary injunction will not damage or otherwise prejudice MasTec.  Should MasTec ultimately prevail and be permitted to proceed on the MasTec Demand in the AAA following the pendency of the injunction, such a delay would not impact MasTec's ability to obtain the relief it has requested in the MasTec Demand.  A declaratory judgment that the Settlement Agreement between the parties remains in force would not grant any monetary benefit due MasTec or have any other effect other than to defeat certain claims included in the GRP Demand and maintain the status quo on the projects at issue.  Even a permanent order enjoining the MasTec Demand in favor of the GRP Demand would merely require MasTec to assert its claims in the MasTec Demand as defenses to the GRP Demand.  In addition, MasTec would avoid engaging in duplicative proceedings or paying filing fees to an organization to administer the arbitration.

49.    GRP is substantially likely to prevail on this merits of this action.  There is no dispute regarding the validity of the arbitration agreement in the Dispute Resolution Procedure, that the issues raised in the GRP Demand fall within the scope of the arbitration agreement, or that GRP initiated arbitration regarding the disputes more than two (2) months prior to MasTec

---

[2] See Administrative Fee Schedules of Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association (Amended and Effective May 1, 2018), *available at* *https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf*.

filing the MasTec Demand.  In addition, MasTec affirmed in its December 21, 2020 correspondence that the GRP Demand had already been filed and controlled the procedure for resolving the disputes between the Parties.

50.     Arbitration of the GRP Demand, and an injunction enjoining the later-filed MasTec Demand, are in the public interest.  Recognition of a first-filed arbitration is consistent with both the FAA's statement of public policy in favor of arbitration and the widely held principle that a first-filed action should control a proceeding.  Permitting a party to respond to an arbitration demand by filing a separate collateral arbitration rather than responding to the original demand would greatly hinder the ability of any party to submit a dispute to arbitration and for arbitration to be conducted in a matter that provides meaningful relief to the prevailing party without interference or conflicting rulings.

51.     Other equitable considerations also support granting the requested preliminary injunction.  In pressing for the commencement of arbitration on the GRP Demand and affirming a schedule for the proceeding, MasTec consented to arbitration of the GRP Demand in the forum elected by GRP.  GRP relied on MasTec's statements that it considered the GRP Demand filed.  Equitable considerations therefore favor estoppel of new assertions by MasTec that the GRP Demand was not submitted and that the Parties must resolve the dispute in the AAA proceeding.

## GRP IS ENTITLED TO ATTORNEYS' FEES AND EXPENSES PURSUANT TO O.C.G.A. § 13-6-11

52.     O.C.G.A. § 13-6-11 provides that a plaintiff may be granted the expenses of litigation "…where the plaintiff has specially pleaded and has made prayer therefore and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense…"

53.     MasTec refuses arbitration of the GRP Demand and has attempted to begin a separate and duplicative arbitration proceeding despite (1) GRP having initiated the dispute by submitted an arbitration demand on substantially similar issues on November 6, 2020, more than two months prior to the submission of the MasTec Demand; and (2) MasTec previously sending correspondence arguing that the GRP Demand had already been filed and had commenced a schedule pursuant to the Dispute Resolution Procedure.

54.     The MasTec Demand does not seek distinct relief that could reasonably justify a separate proceeding.  The MasTec Demand seeks only declaratory relief ordering that the Settlement Agreement between the Parties remains in effect and should be enforced.  This request is a mere response to allegations in the GRP Demand that MasTec is in breach of the Settlement Agreement and EPCs.

55.     MasTec's tactical reversal of its earlier position regarding arbitration of the GRP Demand has forced GRP to initiate a new civil action and seek relief from the Court to enforce an unambiguous arbitration agreement, the application of which is not in dispute.  MasTec's actions have frustrated the purpose of agreeing to arbitrate disputes without unnecessary and expensive litigation that burdens the Court.

56.     An award of the costs and fees of this action is essential and justified to prevent MasTec from unjustly benefiting from causing unnecessary trouble and expense.  Absent an award of litigation expenses, MasTec will merely be required to participate in arbitration of the GRP Demand, as it had previously agreed, but will have required its adversary, GRP, to divert time and resources toward enforcing the demand rather than preparing for the arbitration proceeding.  MasTec must be held responsible to prevent a precedent that would encourage

burdening the courts with similar enforcement litigation, contrary to the spirit and policy of the FAA.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners respectfully request that the Court:

1.      Issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling MasTec to arbitrate the GRP Demand in the independent forum elected by GRP, without submission to the AAA.

2.      Issue an Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure barring GRP from proceeding in arbitration of the MasTec Demand in the AAA; or, in the alternative, issue an Order pursuant to the Georgia Arbitration Code, O.C.G.A. 9-9-6(e)-(f), consolidating the MasTec Demand in the proceeding initiated by the GRP Demand, independent from the AAA.

3.      Issue an Order, pursuant to O.C.G.A. 13-6-11, awarding expenses, attorneys' fees, and costs incurred in connection with this Petition, as a result of MasTec's unjustified actions to cause GRP the unnecessary trouble and expense of enforcing GRP's right to arbitration of the GRP Demand.

4.      Grant any other relief in favor of GRP that the Court deems just and proper.

Respectfully submitted this 28th day of January, 2021.

**THOMPSON HINE LLP**

/s/ J. Timothy McDonald
J. Timothy McDonald - GA Bar No. 489420
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, GA 30326-4266
Telephone: (404) 407-3623
Facsimile: (404) 541-2905
Tim.McDonald@ThompsonHine.com

**GIBBONS, P.C.**

*Peter J. Torcicollo
*Damian V. Santomauro
*Charles S. Korschun
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
PTorcicollo@GibbonsLaw.com
DSantomauro@GibbonsLaw.com
CKorschun@GibbonsLaw.com

*Attorneys for Petitioners
GRP-Madison, LLC; GRP-Franklin, LLC; and
Georgia Renewable Power, LLC*

*(\*pro hac vice* application forthcoming*)*